IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LLOYD WEBB,<br><br>    Defendant. | No. CR07-4069-MWB<br><br>**REPORT AND RECOMMENDATION<br>ON MOTION TO DISMISS** |

_____

This matter is before the court on a motion to dismiss filed by the defendant Lloyd Webb on October 30, 2007. Doc. No. 5. The plaintiff (the "Government") resisted the motion on November 7, 2007. Doc. No. 11.

On October 26, 2007, the grand jury returned an Indictment against Webb, charging him with possession of a firearm and ammunition after previously being "convicted of a misdemeanor crime of domestic violence, that is: Domestic Abuse Assault in Sioux County Iowa. . . on January 24, 2007," in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). Doc. No. 2. In his motion to dismiss, Webb argues his state court conviction does not constitute a predicate offense for purposes of 18 U.S.C. § 922(g).

In the Sioux County case, Webb was charged with "Domestic Abuse Assault – Simple Misdemeanor" in violation of Iowa Code section 708.2A(2)a. The charging language in the criminal Complaint indicates: "The defendant and the victim are cohabitating. The victim was put in fear of bodily harm by the actions of the defendant. No physical injuries occur[r]ed due to this action." Doc. No. 11-3. In an affidavit in support of the Complaint, an officer reported that the following events had occurred:

> The defendant broke into a locked bathroom where the victim
> was showering. The defendant had in his hand a butter knife
> that he used to attempt to jimmy the door open. The victim
> observed the knife in the defendant[']s hand, and was in fear

>       of bodily harm. The victim and the defendant were engaged
>       in an argument during this time.

*Id.*

The case was tried to a Sioux County Judicial Magistrate on January 23, 2007. After hearing the evidence, the Magistrate found Webb "guilty of domestic abuse assault – simple misdemeanor in violation of Iowa Code § 708.2A(2)(A)." Doc. No. 11-4. *See also* Doc. No. 1105.

Iowa Code section 708.2A(2)(a) provides that a person who commits a first offense of domestic abuse assault commits a simple misdemeanor. Section 708.2A(1) defines "domestic abuse assault" as "an assault, as defined in section 708.1, which is domestic abuse as defined in section 236.2, subsection 2, paragraph 'a', 'b', 'c', or 'd'." Section 236.2 defines "domestic abuse" to mean, in pertinent part, an assault "between family or household members who resided together at the time of the assault." Iowa Code § 236.2(2). Section 708.1 defines "assault" as follows:

>       1. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
>
>       2. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.
>
>       3. Intentionally point[ing] any firearm toward another, or display[ing] in a threatening manner any dangerous weapon toward another.

Iowa Code § 708.1.

Subsection 3 of section 708.1 is not applicable here. It is apparent from the charging document and judgment in the Sioux County case that the court did not deem the butter knife Webb had in his hand at the time of the assault to be a "dangerous weapon"

2

for purposes of section 708.1(3); otherwise, he would have been charged with an aggravated misdemeanor, rather than a simple misdemeanor. *See* Iowa Code § 708.2A(2)(c) (domestic abuse assault involving use or display of dangerous weapon is an aggravated misdemeanor). *See also* Iowa Code § 723A.1(1)(h)(2) (defining "dangerous weapon"). Thus, the "assault" Webb committed for purposes of his "domestic abuse assault" conviction falls under section 708.1(1) or (2); he committed an act that was intended either (1) to cause pain or injury or to result in insulting or offensive physical contact, or (2) to place the victim in fear of immediate physical contact.

In Webb's motion, he argues the Sioux County conviction is not, as a matter of law, a "misdemeanor crime of domestic violence" for purposes of 18 U.S.C. § 922(g). Title 18, United States Code, section 922(g)(9) provides, in relevant part, "It shall be unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence . . . to . . . possess in or affecting commerce, any firearm. . . ." Title 18, United States Code, section 921(a)(33)(A)(ii), in relevant part, defines a "misdemeanor crime of domestic violence" as a crime that "has, as an element, the use or attempted use of physical force . . . by a person who is cohabiting with or has cohabited with the victim as a . . . person similarly situated to a spouse. . . ." Domestic violence against a live-in girlfriend constitutes domestic violence under federal law. *Buster v. United States*, 447 F.3d 1130, 1133 (8th Cir. 2006). Webb asserts the issue here is determining under which portion of Iowa Code section 708.1 he was convicted. If he was convicted under 708.1(1), then his conduct included the "use or attempted use of physical force" for purposes of 18 U.S.C. § 921(1)(33)(A). If he was convicted under 708.1(2), then the requisite element of attempted use of physical force is absent.

The Eighth Circuit Court of Appeals considered a similar issue in *United States v. Smith*, 171 F.3d 17 (8th Cir. 1999). Smith was convicted under 18 U.S.C. § 922(g)(9), the same statute forming the basis for Webb's prosecution in this case. In Smith's case,

the predicate offense was a state court conviction resulting from a guilty plea to a simple misdemeanor assault charge under Iowa Code section 708.2(4). As in the present case, the *Smith* court focused on whether the misdemeanor "assault" committed by the defendant included, as an element, the use or attempted use of physical force. The *Smith* court held "the use or attempted use of physical force (or its alternative, the threatened use of a deadly weapon, a situation not here presented)," is the *only* element required for a predicate misdemeanor for purposes of 18 U.S.C. § 921(a)(33), and therefore for purposes of forming the basis of a conviction under 18 U.S.C. § 922(g)(9). *Smith*, 171 F.3d at 620.

The *Smith* court's analysis is relevant here:

> Smith pleaded guilty to simple misdemeanor assault under Iowa Code § 708.2(4). The Iowa assault statute distinguishes between aggravated misdemeanor assaults, serious misdemeanor assaults, and simple misdemeanor assaults based on the level of intent and whether a dangerous weapon was involved. *See* Iowa Code § 708.2(1)-(4). All assaults are defined by reference to § 708.1, which defines "assault" as occurring when a person does any of the following:
>
>> (1) Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another. . . .
>>
>> (2) Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive. . . .
>
> Thus, a generic assault in Iowa may include, as an element, placing another in fear of imminent physical contact. If Smith pleaded guilty to § 708.1(2), then he was not convicted of an offense that "has, as an element, the use or attempted use of force." 18 U.S.C.A. § 921(a)(33)(A)(ii).
>
> When statutory language dictates that predicate offenses contain enumerated elements, we must look only to the predicate offense rather than to the defendant's underlying acts to determine whether the required elements are present. *See*

4

*United States v. Wright*, 957 F.2d 520, 522 (8th Cir.) (construing United States Sentencing Guidelines (U.S.S.G.) § 4B1.2(1)(i), which defines "crime of violence" as an offense that " has as an element, the use, attempted use, or threatened use of physical force" (*emphasis added*)), *cert. denied*, 506 U.S. 856, 113 S. Ct. 167, 121 L. Ed.2d 114 (1992). We may expand our inquiry under this categorical approach to review the charging papers and jury instructions, if applicable, only to determine under which portion of the assault statute Smith was convicted. *See Taylor v. United States*, 495 U.S. 575, 602, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990).

This case is quite similar to *Taylor*, which involved a sentence enhancement under 18 U.S.C. § 924(e) for prior burglaries. The Supreme Court read § 924(e) as requiring the predicate burglary offense to contain the elements of generic burglary, precluding a court from looking to the defendant's underlying conduct. *See Taylor*, 495 U.S. at 600-01, 110 S. Ct. 2143. The Court noted that the federal sentencing court could go beyond the mere fact of conviction, for example, and look to the charging papers and jury instructions to determine if the jury was required to actually find the elements of generic burglary in order to convict the defendant. *Id*. at 602, 110 S. Ct. 2143. The Supreme Court remanded *Taylor* because the Court could not determine, from the record before it, under which subsection of the Missouri burglary statute the defendant had pleaded guilty and been convicted. *Id*. On remand, the government produced the charging papers, which detailed the elements of the crimes to which the defendant had pleaded guilty, though the papers did not include a reference to the specific section of the state burglary statute. *See United States v. Taylor*, 932 F.2d 703, 707 (8th Cir.), *cert. denied*, 502 U.S. 888, 112 S. Ct. 247, 116 L. Ed. 2d 202 (1991). On appeal from the remand, we held that it was appropriate under the Supreme Court's ruling in a case where the predicate convictions were the result of a guilty plea, to look to the charging papers to determine to which section of a statute a defendant pleaded guilty. *See id*. at 707-08. *See also United States v. Einfeldt*, 138 F.3d 373, 378 (8th Cir.) (looking to the information's specific allegations where the defendant pleaded

5

> guilty to a predicate act of burglary to determine if the predicate act was generic burglary under *Taylor*; district court can look to the "charging document as a whole"), *cert. denied*, 525 U.S. 851, 119 S. Ct. 126, 142 L. Ed. 2d 102 (1998).
>
> The state court complaint accused Smith of "commit[ting] an act which was intended to cause pain or injury to another, coupled with the apparent ability to execute said act." . . . The complaint recited that Smith grabbed Lorenson "by the throat, and did also push her down." (*Id.*) Thus, Smith was charged under Iowa Code § 708.1(1), for committing an act intended to cause pain, injury, or offensive or insulting physical contact, rather than § 708.1(2), for placing one in fear of such contact. As such, Smith was charged, and pleaded guilty to, an offense with an element of physical force within the meaning of 18 U.S.C.A. § 921(a)(33)(A)(ii).

*Smith*, 171 F.3d at 620-21.

The charging document in the present case does not clearly reflect the use or attempted use of physical force during the assault. The document indicates: "The victim was put in fear of bodily harm by the actions of the defendant. No physical injuries occurred due to this action." Doc. No. 11-3. However, unlike the facts in *Smith*, Webb's conviction was not the result of a guilty plea. Instead, his conviction was the result of a bench trial, in which the state Magistrate made specific findings of fact. If the court may review the charging papers to determine the elements of the crime to which a defendant pled guilty, *see Smith, supra*, certainly the court may look to the findings of fact made by the trial court in reaching a guilty verdict. Here, the Sioux County Magistrate made the following findings:

> On November 15, 2006 Webb and [the victim] were living together [in] . . . Sheldon, Sioux County, Iowa. On that date they got into a verbal argument concerning [the victim's] computer discs.

> Following the argument [the victim] went into the bathroom of their residence, locked the bathroom door and proceeded to take a shower.
>
> While [the victim] was taking the shower Webb forced himself into the bathroom which splintered the woodwork around the bathroom door frame and tore off the catch plate for the doorknob. [Citation omitted.] At the time Webb had a butter knife in his hand which he claimed was for the purpose of attempting to open the locked door. Webb proceeded to open the shower door and threw the computer disc in the shower. [The victim] testified that Webb touched her with the butter knife and she felt threatened by him at that time.

Doc. No. 11-4.

The Government claims that Webb's action in forcing the bathroom door open constituted the "use or attempted use of physical force" for purposes of a misdemeanor crime of domestic violence under federal law. *See* Doc. No. 11-2 at 3. The Government cites no authority for this proposition, and the court finds such a conclusion to be both unreasonable and contrary to the accepted interpretation of the term "physical force." *See, e.g.*, *United States v. Nason*, 269 F.3d 10, 16 (1st Cir. 2001) ("Synthesizing the various definitions, physical force may be characterized as power, violence, or pressure directed *against another person's body*.") (emphasis added). *See also United States v. Nobriga*, 474 F.3d 561, 565 (9th Cir. 2006) (citing *Nason*); *United States v. Thomas*, 832 F. Supp. 1297, 1304 (N.D. Iowa 1993) ("A prior felony conviction is a 'crime of violence' if it '(i) has as an element the use, attempted use, or threatened use of physical force *against the person of another*, . . .") (emphasis added); *State v. Brown*, 376 N.W.2d 910, 914 (Iowa Ct. App. 1985) (in holding assault to be a general intent crime, court noted Iowa Supreme Court had defined assault as "the unpermitted and unlawful application of physical force *to the person of another*. . ." (emphasis added), citing *State v. Redmon*, 244 N.W.2d 792, 797 (Iowa 1976)).

7

The Government also asserts that Webb's use of a butter knife was the use of "a potential deadly weapon." Doc. No. 11-2 at 3. As discussed above, however, the Sioux County case record reflects that the state court did not view the butter knife as a deadly weapon.

The court finds that the determination of whether Webb's actions during the assault included the requisite "physical force" is, ultimately, a jury question. A footnote in the Eighth Circuit's ruling in *Smith* would seem to indicate the jury could find the fact that Webb touched the victim with the butter knife constituted the requisite physical force. *See Smith*, 171 F.3d at 621 n.2 ("[P]hysical contact, by necessity, requires physical force to complete."); *see also United States v. Griffith*, 455 F.3d 1339, 1344-45 (11th Cir. 2006) (concluding common sense and the laws of physics provide that any contact results from an application of force); *but see United States v. Belless*, 338 F.3d 1063 (9th Cir. 2003) (requisite physical force for purposes of 18 U.S.C. § 921(a)(33)(A)(ii) "means the violent use of force against the body of another individual"); *Flores v. Ashcroft*, 350 F.3d 666, 669-70 (7th Cir. 2003) (as relates to similar provision of Immigration and Naturalization Act, court concluded intentional touching resulting in bodily injury did not necessarily involve physical force). On the other hand, the jury could find the contact was accidental and incidental, and did not constitute the requisite physical force for a predicate offense under 18 U.S.C. § 922(g)(9).

Because the ultimate question of whether or not Webb's Sioux County conviction constitutes "a misdemeanor crime of domestic violence," as charged in the Indictment, must be decided by the jury at trial, Webb's motion to dismiss should be denied.

8

## *CONCLUSION*

For the reasons discussed above, the undersigned respectfully recommends that Webb's motion to dismiss be denied.

Any party who objects to this report and recommendation must serve and file specific, written objections by **November 23, 2007**. Any response to the objections must be served and filed by **November 30, 2007.**

**IT IS SO ORDERED.**

**DATED** this 9th day of November, 2007.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT