# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LLOYD WEBB,<br><br>Defendant. | No. CR07-4069-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. Standard Of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *B. Defendant's Objections To Report And Recommendation* . . . . . . . . . . 3
        *1.   Question of law for the court* . . . . . . . . . . . . . . . . . . . . . . . 3
        *2.   Existence of a predicate offense* . . . . . . . . . . . . . . . . . . . . 5

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## *I. INTRODUCTION AND BACKGROUND*

On October 26, 2007, an indictment was returned against defendant Lloyd Webb

charging him with possession of a firearm and ammunition after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). Defendant Webb has filed a Motion To Dismiss. In his motion, defendant Webb asserts that his January 24, 2007, conviction for Domestic Abuse Assault in Sioux County Iowa does not constitute a predicate offense for purposes of 18 U.S.C. § 922(g). The prosecution filed a timely resistance to defendant Webb's motion.

Defendant Webb's Motion To Dismiss was referred to Chief United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). On November 9, 2007, Judge Zoss filed a Report and Recommendation in which he recommended that defendant Webb's Motion To Dismiss be denied. Judge Zoss concluded that the ultimate question of whether or not Webb's Sioux County conviction constitutes "a misdemeanor crime of domestic violence," must be decided by a jury at trial. Accordingly, Judge Zoss recommended that defendant Webb's Motion To Dismiss be denied. Defendant Webb has filed objections to Judge Zoss's Report and Recommendation. The prosecution has not filed objections to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Webb's Motion To Dismiss.

## II. LEGAL ANALYSIS

### A. Standard Of Review

Pursuant to statute, this court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the

2

> findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). As noted above, defendant Webb has filed objections to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Webb's Motion To Dismiss.

### *B. Defendant's Objections To Report And Recommendation*
#### *1. Question of law for the court*

Defendant Webb's initial objection is to the conclusion reached by Judge Zoss in his Report and Recommendation that whether defendant Webb's January 24, 2007, conviction

for Domestic Abuse Assault in Sioux County Iowa, constitutes a predicate offense for the purposes of 18 U.S.C. § 922(g) is a jury question.

Federal law prohibits any person who has been convicted of a misdemeanor crime of domestic violence from possessing firearms. 18 U.S.C. § 922(g)(9). Section 921(a)(33)(A) defines the term "misdemeanor crime of domestic violence" as follows:

> [T]he term "misdemeanor crime of domestic violence" means an offense that-
> (i) is a misdemeanor under Federal or State law; and
> (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921(a)(33)(A).

Determining whether the state crime to which defendant Webb was found guilty, domestic abuse assault pursuant to Iowa Code § 708.2A(2), meets the criteria of § 921(a)(33)(A)(ii), is clearly a matter of law for the court. *See United States v. Smith*, 171 F.3d 617, 620-21 (8th Cir. 1999) (holding that in applying § 922(g)(9) "we must look only to the predicate offense rather than to the defendant's underlying acts"); *see also United States v. Hayes*, 482 F.3d 749, 750 (4th Cir. 2007) (analyzing on appeal the district court's denial of defendant's motion to dismiss charges of possessing firearms after having been convicted of a misdemeanor crime of domestic violence where defendant challenged that his state court conviction for misdemeanor battery under West Virginia law did not constitute a predicate misdemeanor crime of domestic violence under 18 U.S.C. § 921(a)(33(A)); *United States v. Nobriga*, 474 F.3d 561, 562-63 (9th Cir. 2006) (reversing district court's denial of motion to dismiss indictment on the ground that defendant's state

4

conviction for abuse of a family member did not constitute a predicate "misdemeanor crime of domestic violence" under 18 U.S.C. § 921(a)(33)(A)(ii)); *United States v. Griffith*, 455 F.3d 1339, 1341 (11th Cir. 2006) (noting that in analyzing state conviction to determine if it met the statutory definition of a crime of domestic violence, the court "does not turn on the actual conduct underlying the conviction but on the elements of the state crime. . ."); *United States v. Shelton*, 325 F.3d 553, 558 n.5 (5th Cir. 2003) (noting that in applying § 922(g)(9), the court "look[s] to the elements set forth in the statute--not the actual conduct to determine whether the offense qualifies as a crime of domestic violence"); *United States v. Nason*, 269 F.3d 10, 20-21 (1st Cir. 2001) (holding that the question of whether or not a state court assault conviction is a crime which threatens or uses physical force as required by 921(a)(33)(A)(ii) is a question of law that is determined by the court and concluding that Maine's general purpose assault statute meets that criterion). Indeed, in *Smith*, 171 F.3d at 620, in a situation substantially similar to this matter, the Eighth Circuit Court of Appeals was called upon to review the district court's denial of the defendant's motion to dismiss which centered on whether the defendant's conviction based upon Iowa's misdemeanor assault statute qualified as a predicate offense for purposes of section 922(g)(9). Therefore, this objection is sustained.

### 2. *Existence of a predicate offense*

As a corollary to his initial objection, defendant Webb asserts that his January 24, 2007, conviction for Domestic Abuse Assault in Sioux County Iowa, does not constitute a predicate offense for the purposes of 18 U.S.C. § 922(g) and therefore his motion to dismiss should be granted.

In determining whether defendant Webb's domestic abuse assault conviction meets the criteria of § 921(a)(33)(A)(ii), the court must apply the categorical approach the United

5

States Supreme Court set forth in *Taylor v. United States*, 495 U.S. 575 (1990).[1] Under this approach, the court is typically restricted to looking at "the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States*, 495 U.S. 575, 600 (1990); *see Smith*, 171 F.3d at 620-21; *see also Griffith*, 455 F.3d at 1341; *Shelton*, 325 F.3d at 558 n.5. Subsequently, in *Shepard v. United States*, 544 U.S. 13 (2005), the Court observed that:

> The *Taylor* Court drew a pragmatic conclusion about the best way to identify generic convictions in jury cases, while respecting Congress's adoption of a categorical criterion that avoids subsequent evidentiary enquiries into the factual basis for the earlier conviction. The Court held that generic burglary could be identified only by referring to charging documents filed in the court of conviction, or to recorded judicial acts of that court limiting convictions to the generic category, as in giving instruction to the jury.
>
> The Court did not, however, purport to limit adequate judicial record evidence strictly to charges and instructions, *id.*, at 602, 110 S. Ct. 2143 (discussing the use of these documents as an "example"), since a conviction might follow trial to a judge alone or a plea of guilty. *In cases tried without a jury, the closest analogs to jury instructions would be a bench-trial judge's formal rulings of law and findings of fact*, and in pleaded cases they would be the statement of factual basis for the charge, Fed. Rule Crim. Proc. 11(a)(3), shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of

---

[1] In *Taylor*, the Supreme Court interpreted provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e) and was called upon to determine whether burglary was a predicate offense under the Armed Career Criminal Act. *Taylor*, 495 U.S. at 600. Nonetheless, the decisional framework established in *Taylor* is clearly applicable to the issue before the court here.

fact adopted by the defendant upon entering the plea.

*Shepard*, 544 U.S. at 20 (emphasis added).

The court's analysis here is controlled in significant part by the Eighth Circuit Court of Appeals's decision in *Smith*. In *Smith*, the Eighth Circuit Court of Appeals held that an assault offense under Iowa Code § 708.1(1) "has, as an element, the use . . . of physical force" under 18 U.S.C. § 921(a)(33)(A)(ii) so as to meet that section's definition of "misdemeanor crime of domestic violence" and thus constitute a predicate offense for purposes of 18 U.S.C. § 922(g)(9). *See Smith*, 171 F.3d at 621. In *Smith*, the defendant was charged with simple misdemeanor assault following a 1994 incident involving the mother of his child. *Id.* at 619. The defendant pleaded guilty in 1994 to an Iowa state charge of misdemeanor assault pursuant to Iowa Code §§ 708.1 and 708.2(4).[2] *Id.* Thus, the court of appeals was called upon to determine whether a conviction based upon Iowa's misdemeanor assault statute qualified as a predicate offense for purposes of section 922(g)(9). *Id.* The difficulty facing the court lied in the fact that Iowa's assault statute contains alternative definitions of assault. As the Eighth Circuit Court of Appeals explained:

> Smith pleaded guilty to simple misdemeanor assault under Iowa Code § 708.2(4). The Iowa assault statute distinguishes between aggravated misdemeanor assaults, serious misdemeanor assaults, and simple misdemeanor assaults based on the level of intent and whether a dangerous weapon was involved. *See* Iowa Code § 708.2(1)-(4). All assaults are defined by reference to § 708.1, which defines "assault" as occurring when a person does any of the following:

---

[2] In 1995, Iowa Code § 708.2(4) provided that "[a]ny other assault, except as otherwise provided, is a simple misdemeanor." The subsection was renumbered as Iowa Code § 708.2(6) in 2003.

7

> (1) Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another. . . .
>
> (2) Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive. . . .
>
> Thus, a generic assault in Iowa may include, as an element, placing another in fear of imminent physical contact. If Smith pleaded guilty to § 708.1(2), then he was not convicted of an offense that "has, as an element, the use or attempted use of force." 18 U.S.C.A. § 921(a)(33)(A)(ii).

*Smith*, 171 F.3d at 620. Because it was unclear as to what portion of Iowa's assault statute Smith was convicted, the court of appeals noted that it was permitted to expand its inquiry "to review the charging papers and jury instructions, if applicable, only to determine under which portion of the assault statute Smith was convicted." *Id.* at 620-21. Upon such a review, the Eighth Circuit Court of Appeals observed:

> The state court complaint accused Smith of "commit[ting] an act which was intended to cause pain or injury to another, coupled with the apparent ability to execute said act." (Appellee's App. at 20.) The complaint recited that Smith grabbed Lorenson "by the throat, and did also push her down." (Id.) Thus, Smith was charged under Iowa Code § 708.1(1), for committing an act intended to cause pain, injury, or offensive or insulting physical contact, rather than § 708.1(2), for placing one in fear of such contact. As such, Smith was charged, and pleaded guilty to, an offense with an element of physical force within the meaning of 18 U.S.C.A. § 921(a)(33)(A)(ii).

*Id.* at 621 (footnote omitted).

Here, the charging language in the criminal complaint states that:

> The Defendant is accused of the crime of Domestic Abuse Assault – Simple Misdemeanor violation of § 708.2(A)(2) a Iowa Code in that the Defendant on or about 15th day of November 2006, at 3244 Kiwi Ave Sheldon, IA in Sioux County, did the Defendant and the victim are cohabitating. The victim was put in fear of bodily harm by the actions of the defendant. No physical injuries occur[r]ed due to this action.

Defendant's Ex. A, Dkt. #15-3.

A review of the charging instrument's language reveals two items of significance. First, the language contained in the criminal complaint plainly mirrors that contained in Iowa Code § 708.1(2). The complaint alleges that the actions of defendant Webb put the victim in "fear of bodily harm." This language closely resembles the reference in §708.1(2) to actions "intended to put another in fear of immediate physical contact. . ." Second, the criminal complaint is devoid of any language regarding defendant Webb's use of physical force, the element required in any predicate misdemeanor crime. *See Smith*, 171 F.3d at 620. Thus, the criminal complaint's language indicates that defendant Webb was charged with an assault under Iowa Code § 708.1(2). This conclusion is only reenforced upon a review of the factual findings made by the Iowa Judicial Magistrate.

On January 23, 2007, following a bench trial, the Iowa Judicial Magistrate found Webb "guilty of domestic abuse assault – simple misdemeanor in violation of Iowa Code § 708.2A(2)(A)."[3] Defendant's Ex. A, Dkt. #15-3. In finding defendant Webb guilty of

---

[3] Iowa Code section 708.2A(2)(a) provides that a person who commits a first offense of domestic abuse assault commits a simple misdemeanor. Section 708.2A(1) defines "domestic abuse assault" as "an assault, as defined in section 708.1, which is domestic abuse as defined in section 236.2, subsection 2, paragraph 'a', 'b', 'c', or 'd'." Section 236.2 defines "domestic abuse" to mean, in pertinent part, an assault "between family or household members who resided together at the time of the assault." Iowa Code
(continued…)

the charged offense, the Iowa Judicial Magistrate made the following findings of fact:

> On November 15, 2006 Webb and [the victim] were living together at 3244 Kiwi, Sheldon, Sioux County, Iowa. On that date they got into a verbal argument concerning [the victim's] computer discs.
>
> Following the argument [the victim] went into the bathroom of their residence, locked the bathroom door and proceeded to take a shower.
>
> While [the victim] was taking the shower Webb forced himself into the bathroom which splintered the woodwork around the bathroom door frame and tore off the catch plate for the doorknob. See exhibits 1 and 2. At the time Webb had a butter knife in his hand which he claimed was for the purpose of attempting to open the locked door. Webb proceeded to open the shower door and threw the computer disc in the shower. [The victim] testified that Webb touched her with the butter knife and she felt threatened by him at that time.

Defendant's Ex. A, Dkt. #15-3. Again, there is no factual finding of defendant Webb using

---

[3](...continued)
§ 236.2(2). Section 708.1 defines "assault" as follows:

> 1. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
>
> 2. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.
>
> 3. Intentionally point[ing] any firearm toward another, or display[ing] in a threatening manner any dangerous weapon toward another.

Iowa Code § 708.1.

or attempting to use physical force against the victim. Although the government argues that defendant Webb's breaking down the bathroom door qualifies as an act of physical force, federal appellate court's have uniformly interpreted § 921(33)(A)(ii)'s "physical force" language as requiring "the violent use of force against the body of another individual." *United States v. Nobriga*, 474 F.3d 561, 564 (9th Cir. 2006); *see United States v. Griffith*, 455 F.3d 1339, 1342 (11th Cir.2006) (holding that "physical force," for purposes of § 921(33)(A)(ii), is "[p]ower, violence, or pressure directed against a person" "consisting in a physical act."); *United States v. Rogers*, 371 F.3d 1225, 1228-29 (10th Cir. 2004) (noting that a prior conviction under § 921(33)(A)(ii) demonstrates a "propensity for the use of physical violence against others"); *United States v. Nason*, 269 F.3d 10, 16 (1st Cir. 2001) (observing "physical force," for purposes of § 921(33)(A)(ii), as "power, violence, or pressure directed against another person's body"). Moreover, the only notation of physical contact between defendant Webb and the victim, that defendant Webb touched the victim with a butter knife, uses the verb "threatened" to describe the victim's reaction. This verb's usage closely resembles § 708.1(2)'s language regarding an act "intended to place another in fear. . .". Thus, the court is compelled to conclude that defendant Webb was found guilty of assault under Iowa Code § 708.1(2), which the Eighth Circuit Court of Appeals has already determined to not be an offense with an element of physical force within the meaning of 18 U.S.C. § 921(a)(33)(A)(ii). *See Smith*, 171 F.3d at 620. Accordingly, the court finds that defendant Webb's January 24, 2007, conviction for Domestic Abuse Assault in Sioux County, Iowa, does not constitute a predicate offense for purposes of 18 U.S.C. § 922(g). Therefore, the court grants defendant Webb's Motion To Dismiss.

## *III. CONCLUSION*

Therefore, for the reasons set forth above, the court, upon a *de novo* review of the record, rejects Judge Zoss's Report and Recommendation and **grants** defendant Webb's Motion To Dismiss.

**IT IS SO ORDERED.**

**DATED** this 10th day of December, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA